## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CAPITAL BANK, N.A.**                          *
**2275 Research Boulevard, Suite 600**
**Rockville, MD 20850**                         *

        **Plaintiff**                 *

     **v.**                               *   **Case No. _____**

**GANGES FINANCIAL GROUP, LLC**              *
**11620 Verna Drive**
**Oakton, VA 22124**                            *

    <u>**Serve on Registered Agent**</u>:          *
    **Srinkesh Cheela**
    **11620 Verna Drive**
    **Oakton, VA 22124**                       *

        **Defendant**                  *

*   *   *   *   *   *   *   *   *   *   *   *   *   *

## <u>COMPLAINT</u>

Capital Bank, N.A. ("Capital Bank"), by its undersigned counsel, hereby sues Ganges Financial Group, LLC ("Ganges Financial"), and states:

### <u>Introduction</u>

1.      This is a suit for declaratory judgment regarding the real property known as 1461 Chapin Street, N.W., Washington, DC (the "Property").

2.      Capital Bank recently foreclosed a deed of trust that it held on the Property.  A declaratory judgment now is needed to clarify that a deed of trust held by Ganges Financial on the Property was extinguished by Capital Bank's foreclosure under the equitable subrogation doctrine and that Ganges Financial is not entitled to any proceeds from the foreclosure.

**The Parties**

2.      Plaintiff, Capital Bank, is a federally chartered bank whose principal office is in Maryland.

3.      Defendant, Ganges Financial, is a Virginia limited liability company whose principal office is in Virginia.  All of its members are citizens of Virginia.

**Jurisdiction and Venue**

4.      This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.      Venue is proper in this District under 28 U.S.C. § 1391(a) because the property that is the subject of this action lies in the District of Columbia.

**Facts**

6.      On January 23, 2015, the Property was purchased by 608 Girard Street, LLC.[1]  A copy of the deed to 608 Girard Street, LLC is attached hereto as **Exhibit A**.

7.      On January 23, 2015, 608 Girard Street, LLC borrowed $1,100,000 from Capital Bank, secured by a deed of trust (the "2015 Capital Bank DOT") on the Property.[2]  A copy of the 2015 Capital Bank DOT is attached hereto as **Exhibit B**.

8.      On September 23, 2015, 608 Girard Street, LLC borrowed $200,000 from Ganges Financial, secured by a deed of trust (the "Ganges Financial DOT") on the Property.  A copy of the Ganges Financial DOT is attached hereto as **Exhibit C**.

---

[1] 608 Girard Street, LLC is not a party to this case.

[2] The 2015 Capital Bank DOT also encumbered other property owned by a co-borrower, Guadie Developments, LLC.  The other properties and the co-borrower are not involved in this case.

9.      On June 29, 2016, 608 Girard Street, LLC refinanced the 2015 Capital Bank DOT with a new loan from Capital Bank in the amount of $2,100,000, secured by a new deed of trust (the "2016 Capital Bank DOT") on the Property.   A copy of the 2016 Capital Bank DOT is attached hereto as **Exhibit D**.

10.      At the June 29, 2016 settlement, $1,162,693.89 of the loan proceeds were used to pay off the 2015 Capital Bank DOT.  A copy of the HUD-1 Settlement Statement, which itemizes all payments (including the payoff of the 2015 Capital Bank DOT at line 110) is attached hereto as **Exhibit E**.

11.      On June 11, 2018, 608 Girard Street, LLC defaulted on its loan from Capital Bank. Capital Bank then commenced foreclosure proceedings against the Property.

12.      On November 22, 2019, the Property was sold at foreclosure sale for $1,700,000 to LHRE, LLC.  A copy of the Auctioneer's Affidavit is attached hereto as **Exhibit F**.

13.      On December 31, 2019, the Property was conveyed to LHRE, LLC by Substitute Trustee's Deed.  A copy of the Substitute Trustee's Deed is attached hereto as **Exhibit G**.

### Count I – Declaratory Judgment

14.      Capital Bank incorporates all preceding paragraphs as if set forth fully here.

15.      Under the doctrine of equitable subrogation, Capital Bank's lien position had priority over Ganges Financial's lien position for the amount paid in 2016 to satisfy the 2015 Capital Bank DOT, plus interest, fees, and costs accrued and incurred thereafter.

16.      The total amount to which Capital Bank was equitably subrogated is $1,709,664.74 as of the November 22, 2019 foreclosure sale date.  A breakdown of this calculation is set forth in the spreadsheet attached hereto as **Exhibit H**.

17.     Under the doctrine of equitable subrogation, the lien of the Ganges DOT has been extinguished by foreclosure.

18.     Under the doctrine of equitable subrogation, Ganges Financial is not entitled to any proceeds from the foreclosure sale.

19.     A justiciable dispute exists between Capital Bank and Ganges Financial.

WHEREFORE, Capital Bank respectfully requests that this Court enter a judgment:

(A)     Declaring that the lien of the Ganges Financial DOT was extinguished by the November 22, 2019 foreclosure sale and no longer encumbers the Property in any way;

(B)     Declaring that Ganges Financial is not entitled to any foreclosure sale proceeds; and

(C)     Granting such other relief as may be appropriate.

Respectfully submitted,

  /s/ Martin H. Schreiber II
Martin H. Schreiber II (DC Bar No. 445948)
mhs@schreiber-law.com
Law Office of Martin H. Schreiber II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, MD  21211
Tel: 410-366-4777
Fax: 443-308-5688

*Attorney for Plaintiff,*
*Capital Bank, N.A.*